IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DUDLEY HOLLAND, ID # 873416, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-1789-K (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | (Consolidated with |
| Respondent. | ) | No. 3:04-1790-K) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.  BACKGROUND

**A.  Nature of the Case**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this consolidated action to challenge his Dallas County convictions for possession of cocaine with intent to deliver and unlawful possession of a firearm by a felon. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B.  Procedural History**

On April 28, 1999, petitioner was convicted of possession of cocaine with intent to deliver and unlawful possession of a firearm by a felon in Cause Nos. F98-53349-IP and F98-53350-LP.

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

(Pet. Writ of Habeas Corpus (Pet.) at 2.)[2] He was sentenced respectively to thirty-five and twenty years imprisonment. (*Id.*) On January 30, 2002, the court of appeals affirmed his convictions on direct appeal after reforming the judgment in the firearm case to reflect the twenty year sentence orally pronounced by the trial court. *See Holland v. State*, Nos. 05-99-00821-CR, 05-99-00822-CR, 2002 WL 115582, at *1 (Tex. App. – Dallas Jan. 30, 2002, pet. ref'd). On July 31, 2002, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Pet. at 3.)

On November 20, 2003, the Texas Court of Criminal Appeals received state applications for writ of habeas corpus to challenge the cocaine and firearm convictions. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=& DateFiled2=&Style=Holland%2C+John+Dudley&Style_2=&COACaseNumberNo =&Submit1=Search (accessed July 31, 2006) (following links to find specific convictions for state writs WR-57-655-01 and WR-57-655-02) On December 10, 2003, the Texas Court of Criminal Appeals dismissed both writs as non-compliant. *Id.* (following links to find disposition). On March 23, 2004, the Texas Court of Criminal Appeals received compliant state writs to challenge the two convictions at issue in this consolidated action.[3] *Id.* (following links to find specific convictions for

---

[2] Petitioner filed separate federal petitions to challenge his two convictions. The Court has consolidated the two actions for disposition. Because the two petitions raise the same claims and are identical except as to the particulars of the specific convictions, the Court will cite generically to the petition with the understanding that the petition filed in Cause No. 3:04-CV-1789-K relates to the conviction for possession of a firearm and the petition filed in Cause No. 3:04-CV-1790-K relates to the possession of cocaine conviction.

[3] Petitioner indicates that he filed these state applications for writ of habeas corpus on March 23, 2004. (*See* Pet. at 3.) Because the indicated date corresponds with the date the Texas Court of Criminal Appeals received the state writs rather than the date petitioner filed the state writs with the trial court, the Court has independently verified that petitioner filed the writs with the trial court on February 5, 2004.

state writs WR-57-655-03 and WR-57-655-04).  On June 30, 2004, the Texas Court of Criminal Appeals denied those writs.  *Id.* (following links to find disposition).

Petitioner filed the instant federal petition on August 13, 2004, when he signed and placed it in the prison mail system.  (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  Petitioner claims that (1) his conviction was obtained by use of evidence gained pursuant to an unlawful and unconstitutional search and seizure; (2) his conviction was obtained by use of perjured testimony and false, untested evidence; (3) he was denied the effective assistance of counsel when his attorney failed (a) to present evidence to show that trial evidence was fabricated, (b) object to the admission of the State's evidence against him, and (c) challenge the validity of the search warrants; and (4) the evidence was legally insufficient to sustain his convictions.  (Pet. at 7 through 8-B.)[4]

## II.  STATUTE OF LIMITATIONS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1217.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date, which is the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant federal petitions after its effective date, the Act applies to his petitions.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-

---

[4] Petitioner purports to raise five claims in his federal petitions.  The Court has consolidated the first two claims into Claim 1.

year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petitions.  Nor does he base his petitions on any new constitutional right under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's convictions became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his convictions, the Texas Court of Criminal Appeals refused his petition for discretionary review on July 31, 2002, and petitioner filed no petition for writ of certiorari.  In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the

4

Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.  Thus, petitioner's convictions became final on October 29, 2002.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petitions became known or could have become known through the exercise of due diligence prior to the date petitioner's convictions became final on October 29, 2002.  Each of the claims are based upon facts that petitioner would have known at or before trial.

Because petitioner filed his August 13, 2004 petitions more than one year after his convictions became final in October 2002, a literal application of § 2244(d)(1) renders the filings untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Petitioner has filed two state applications for writ of habeas corpus to challenge each of his two convictions.  Because the Texas Court of Criminal Appeals dismissed petitioner's first set of state petitions as non-compliant, such petitions were not properly filed so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2).

5

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (footnote and citations omitted). In the Fifth Circuit, "a properly filed application is one submitted according to the state's procedural requirements", and the courts narrowly interpret the words "properly filed." *Lookingbill v. Cockrell* 293 F.3d 256, 260 (5th Cir. 2002) (citations omitted). In this circuit, "a properly filed application must meet all procedural requirements." *Id.* at 261. When a court dismisses a state application for writ of habeas corpus as non-compliant, such application is not properly filed according to the state's procedural requirements.

When petitioner filed his second set of state petitions in February 2004, the one-year period of limitations had already expired. Accordingly, the statutory tolling provision does not save the federal petitions filed August 13, 2004. Further, nothing in the petitions indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Thus, the August 13, 2004 filings fall outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the requests for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** them with prejudice.

**SIGNED** this 31st day of July, 2006.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE